**The PIT PROS, INC., a California corporation, Plaintiff,**

v.

**Lou WOLF, Sheldon E. Howard, Joseph Berke, and Time Realty Company, Defendants.**

No. 82 C 6994.

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1983.

Kenneth M. Young, Borenstein, Cotteleer, Greenberg & Young, Ltd., Chicago, Ill., for plaintiff.

Marshall A. Levin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

The plaintiff, The Pit Pros, Inc. ("Pit"), a California corporation, filed a one count civil complaint against the defendants Lou Wolf, Sheldon E. Howard, Joseph Berke and Time Realty Company ("defendants"), residents of or doing business in Chicago, Illinois. Pit alleges that the district court has jurisdiction pursuant to the so-called RICO Act, 18 U.S.C. secs. 1961 et seq. RICO primarily has been used as a criminal statute, but it provides for private civil actions as well. 18 U.S.C. sec. 1964. Thus a person who has been injured in his business or property may seek treble damages and attorneys' fees where such injury resulted from, among other things,

> any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, [who] ... conduct[s] or participate[s], directly or indirectly, in the conduct of such enterprises affairs through a pattern of racketeering activity ....

18 U.S.C. sec. 1962(c).

The defendants owned or controlled an improved parcel of land located in Chicago, Illinois which Pit desired to lease presumably in order to operate an automobile lubrication facility. Pit alleges that the defendants falsely and knowingly represented that the property was zoned for such an activity and that the title did not contain a restrictive covenant to the contrary. Subsequently Pit discovered adverse zoning and a restrictive covenant. The defendants allegedly have refused to return Pit's earnest money in the amount of $3,000.00. Pit further alleges that the alleged material misrepresentations, upon which it claims to have relied, were transmitted by mail and wire. Therefore, Pit asserts that a scheme or artifice within the parameters of RICO is established.

Pitt's complaint must be dismissed, however, because it is missing at least one of the requisite elements of a RICO claim—an allegation of a pattern of racketeering. 18 U.S.C. sec. 1961(5). Section 1961(1) defines "racketeering activity" as "acts involving" enumerated state and federal criminal violations. A "pattern" is formed by the commission of two or more such "acts," the last of which must have occurred within ten years of a prior "act." 18 U.S.C. sec. 1961(5). The enumerated acts or predicate acts do not include common law fraud but do include the federal crimes of mail or wire fraud. *See, e.g., Adair v. Hunt International Resources Corp.*, 526 F.Supp. 736, 746 (N.D.Ill.1981).

Here, at best, Pit alleges that the defendants committed a single act of common law fraud in regard to a single real estate transaction. There is no allegation that in furtherance of this supposed scheme or artifice the defendants committed two or more of the requisite criminal acts. Even if Pit alleged two instances of mailings or phone calls, this complaint does not come close to making out a case of mail or wire fraud. *See, e.g., United States v. George*, 477 F.2d 508, 511 (7th Cir.1973); *Salisbury v. Chapman*, 527 F.Supp. 577 (N.D.Ill.1981).

Furthermore, the Court does not believe that the behavior complained of here, even if proved, is of the type cognizable under civil RICO. *Cf. United States v. Starnes*, 644 F.2d 673 (7th Cir.1981) (mail fraud, Travel Act in conjunction with arson); *United States v. Weatherspoon*, 581 F.2d 595 (7th Cir.1979) (multiple counts of mail fraud in conjunction with scheme to defraud Veteran's Administration of illegally earned benefits for attending school). In *Katzen v. Continental Illinois National Bank & Trust Co.*, No. 80 C 1378 (August 14, 1980), Judge Marshall wrote that

> [the *George* doctrine] has not gone as far as this complaint would have it go.... Whatever, the conduct ascribed to defendants does not constitute that type of behavior which the mail/wire fraud statutes were intended to prosecute. We suggest that counsel settle down and handle this case for what it is—a commercial action involving a disappointed investor who may or may not have a claim against the defendants.

Similarly, Pit may or may not have a valid claim for misrepresentation or breach of contract against the defendants. But, his complaint does not state a claim under RICO. .

Accordingly, defendants' motion to dismiss the complaint is granted. Pit is given 20 days in which to amend its complaint if it so chooses. A status hearing is set for January 27, 1983 at 9:45 a.m.

IT IS SO ORDERED.